IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

ROGER PUSHOR,                                                    Civil Action No.

      Plaintiff,

v.

MOUNT WASHINGTON
OBSERVATORY, INC.

      Defendants,

## COMPLAINT

Plaintiff, by and through his undersigned counsel, files this complaint for unpaid wages against the above-listed Defendant.

### STATEMENT OF THE CASE

1. Defendant Mount Washington Observatory, Inc. ("Mt. Washington Observatory") formerly employed Plaintiff Roger Pushor as a Weather Observer / IT Specialist from July 6, 2011 to August 8, 2016.

2. During the entirety of Pushor's employment with the Defendant, he would routinely work in excess of forty (40) hours per week and was not paid at the proper overtime rate.

3. Pushor worked from multiple locations during his employment with Defendant Mt. Washington Observatory. For the majority of his employment Pushor worked from his home in Falmouth, Maine with Defendant Mt. Washington Observatory's knowledge and authorization.

1

4. Defendant Mt. Washington Observatory violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Maine wage laws 26 M.R.S. §§ 621-A, 626-A, 629, 664, and 670.

5. The Defendant's violations of the FLSA and Maine's wage laws were willful and deliberate.

6. Pushor seeks compensation for the Defendants' violations of the FLSA and Maine's wage laws.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Roger Pushor is a resident of Cumberland County, Maine.

8. Defendant Mt. Washington Observatory is New Hampshire Nonprofit Corporation with principal address of 2779 White Mountain Hwy, North Conway, NH, 03860, which has operations in New Hampshire and Maine.

9. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

10. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the laws of Maine, pursuant to 13 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because most of the events and omissions giving rise to the Plaintiff's claims occurred in the District of Maine, and the Defendant conducts substantial business in the state of Maine.

## FACTS

12. Defendant Mt. Washington Observatory is a New Hampshire based non-profit that conducts weather observations from a weather station on the summit of Mount Washington (the "Summit Station") and approximately twenty other remote sites..

13. In order to conduct those weather observations, Defendant Mt. Washington Observatory employs weather observers, whose responsibilities include collecting weather data, educational outreach, research support and maintenance of the Summit Station and other unmanned remote automated weather stations scattered across the Northern Presidentials.

14. Defendant Mt. Washington Observatory operates and employees individuals in both New Hampshire and Maine.

15. Upon information and belief, Mt. Washington Observatory has over $500,000 in gross receipts per year.

16. Defendant Mt. Washington Observatory routinely directed its employees, including Pushor, to handle goods that had traveled in interstate commerce.

## PUSHOR'S EMPLOYMENT

17. Plaintiff Pushor was hired by Defendant Mt. Washington Observatory as a Weather Observer / IT Specialist on or around July 6, 2011.

18. As part of his job responsibilities, Pushor would routinely travel to Summit Station and stay there taking weather observations, calibrating and/or maintaining equipment for approximately a week at a time. Pushor would also routinely visit other remote locations to check and maintain equipment. This continued until around Spring 2013 (see 19 below).

19. In or around Spring 2013, Pushor began working full time from his home in Falmouth, Maine.

20. Defendant Mt. Washington Observatory knew of and approved of Pushor's move to Maine and further allowed him to work from home on most days, traveling to New Hampshire less then one day per month on average.

21. Pushor provided troubleshooting and help-desk services for Defendant Mt. Washington Observatory on an on-call basis during his employment. Pushor was expected to respond to calls and provide assistance on an almost immediate basis at all hours of the day and night.

22. Pushor and Defendant Mt. Washington Observatory paid Maine state employment taxes during the period in which Pushor was employed in and working in Maine.

## MT. WASHINGTON OBSERVATORY FAILES TO PROPERLY PAY PUSHOR ALL WAGES

23. Pushor routinely worked greater than forty (40) hours per week either providing IT support or working at the summit of Mount Washington, but would not be paid at the proper rate of time and a half of his base rate for all hours over forty (40).

24. Pushor would not be paid for his travel time to locations on Mount Washington to calibrate and/or maintain equipment completed at the direction of Defendant Mt. Washington Observatory

## MT. WASHINGTON OBSERVATORY FAILS TO CORRECT THEIR FAILURE TO PAY

25. Plaintiff Pushor, through counsel, demanded all unpaid wages and his employment files by certified letter dated February 21, 2017.

26. Defendant Mt. Washington Observatory has refused to correct its failure to pay Plaintiff Pushor notwithstanding the receipt of complaints.

4

**CLAIMS FOR RELIEF**

**COUNT I:**
**BREACH OF MAINE WAGE PAYMENT LAW**

27. Plaintiff Pushor incorporates all previous paragraphs.

28. Defendant Mt. Washington Observatory employed Plaintiff Pushor as a Weather Observer / IT specialist.

29. Defendant Mt. Washington Observatory failed to pay Plaintiff Pushor all overtime wages due on payday pursuant to the employment agreement that incorporated by law all applicable state wage laws.

30. Defendant Mt. Washington Observatory failed to pay Plaintiff Pushor for all hours worked as required under 26 M.R.S. § 629 by engaging him in non-compensatory activities for the benefit of the employer, including but not limited to traveling to the summit of Mount Washington.

31. Defendant Mt. Washington Observatory failed to pay all wages due Plaintiff Pushor on payday as required under 26 M.R.S. § 621-A.

32. After leaving employment, Plaintiff Pushor demanded payment of the late and unpaid wages in compliance with 26 M.R.S. §§ 626 and 626-A. Defendant Mt. Washington Observatory indisputably owed Plaintiff Pushor payment of all wages due.

33. Defendant Mt. Washington Observatory failed to pay Plaintiff Pushor within eight days of the due date, nor within eight days of demand, and are liable pursuant to ME. REV. STATE. TIT. 26 §626-A for unpaid wages, a reasonable rate of interest, costs of suit including reasonable attorneys; fees, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## COUNT II:
## BREACH OF MAINE OVERTIME LAW

34. Plaintiff Pushor incorporates all previous paragraphs.

35. Defendant Mt. Washington Observatory employed Plaintiff Pushor under 26 M.R.S. §663.

36. Defendant Mt. Washington Observatory failed to pay Plaintiff Pushor all overtime wages due under 26 M.R.S. § 664 by failing to pay him for all hours worked and for failing to pay time and a half for all hours worked in excess of 40 in a given week.

37. Accordingly, under 26 M.R.S. §670 the Defendants are liable to Plaintiff Pushor for unpaid wages adjudged to be due, an additional amount equal to such wages as liquidated damages, and costs of suit, including reasonable attorneys' fees.

## COUNT III:
## BREACH OF THE FAIR LABOR STANDARDS ACT
## 28 U.S.C. §§ 201 *et seq.*

38. Plaintiff Pushor incorporates all previous paragraphs.

39. During all times relevant to this action, Plaintiff Pushor was employed by Defendant Mt. Washington Observatory as defined by 29 U.S.C. § 203(g).

40. Defendant Mt. Washington Observatory failed to pay Plaintiff Pushor for time worked in excess of forty (40) hours in a given week at the proper overtime rate.

41. During all times relevant to this action, Plaintiff Pushor was employed by Defendant Mt. Washington Observatory in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

42. Upon information and belief, Defendant Mt. Washington Observatory had annual gross revenue in excess of $500,000 and employed two or more persons, including Plaintiff Pushor, who handled and worked on materials which had been moved in interstate commerce.

6

43. Defendant Mt. Washington Observatory failed to pay Plaintiff Pushor all overtime wages due at the proper overtime rate for all hours worked in excess of forty (40) hours in a given week, as is required by the FLSA.

44. Plaintiff Pushor is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

Plaintiff Pushor demands a jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully request that this Court enter an order or orders:

a. Awarding the Plaintiff unpaid wages pursuant to 26 M.R.S. §§ 626, 626-A and/or 670;

b. Awarding the Plaintiff liquidated damages and penalties pursuant to 26 M.R.S. §§ 626-A and 670;

c. Awarding the Plaintiff costs and attorney fees pursuant to 26 M.R.S. §§ 626-A and/or 670;

d. Awarding the Plaintiff unpaid wages pursuant to 29 U.S.C. §§ 207 & 216;

e. Awarding the Plaintiff liquidated damages and penalties pursuant to 29 U.S.C. §§ 207 & 216;

f. Awarding the Plaintiff costs and attorneys' fees pursuant to 29 U.S.C. §§ 207 & 216;

g. Granting such other relief as this Court deems just and proper.

Dated: September 11, 2017

                                                        Respectfully Submitted,

                                                        /s/ Peter Mancuso
                                                      Peter Mancuso, Esq.
                                                      Andrew Schmidt, Esq.

                                                      Andrew Schmidt Law, PLLC
                                                      97 India St.
                                                      Portland, Maine 04101
                                                      207-619-0884
                                                      Peter@MaineWorkerJustice.com

                                                      *Attorneys for the Plaintiff*