# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ROGER PUSHOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. 2:17-cv-354-NT |
| MOUNT WASHINGTON OBSERVATORY, INC., | ) ) ) ) |
| Defendant. | ) ) |

## ORDER ON MOTION FOR RECONSIDERATION

Plaintiff Roger Pushor moves for reconsideration of my May 17, 2018 order dismissing his complaint for lack of personal jurisdiction. Mot. for Recons. (ECF No. 12). He also moves in the alternative for leave to amend his complaint. Mot. for Recons. For the following reasons, Pushor's motion is **DENIED**.

Pushor requests reconsideration under Local Rule 7(g). Mot. for Recons. 1. Local Rule 7, however, currently contains only subsections (a)-(f), and while Local Rule 7(f) relates to motions for reconsideration, it applies to orders that are interlocutory. Here, where judgment has entered against the Plaintiff, Local Rule 7(f) does not apply.

Motions for reconsideration of a judgment are governed by Federal Rule of Civil Procedure 59 or 60. "[I]t is settled in this circuit that a motion which asked the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)." *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir. 1987); *accord Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 390 (1st Cir.

1994). Here, because Pushor claims an erroneous legal result and because he filed and provided electronic service of his motion within 12 days of the entry of judgment (and 13 days of the order granting dismissal of his claims), Rule 59(e) applies.[1]

"Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence."[2] *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 165 n.9 (1st Cir. 2004) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). "[A] party moving for Rule 59(e) relief may not repeat arguments previously made . . . , nor may it present new arguments on a Rule 59(e) if such arguments 'could, and should, have been made before judgment issued.' " *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (1st Cir. 2012) (citing *Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir. 2008); *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008)). Granting a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

In his motion for reconsideration, Pushor contends that I made a manifest error of law in my May 17 order. The order, according to Pushor, sets an untenable

---

[1] Under Rule 59(e), service of a motion must be made within 28 days of the entry of judgment. *Perez-Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir. 1993) ("Which rule applies to a motion depends essentially on the time a motion is served.").

[2] By contrast, Rule 60(b) constrains relief available to the movant to six, enumerated grounds. "In other words, the litigant who gets his motion in on time enjoys the full menu of grounds for relief provided by Rule 59; if not, he is confined to the six specific grounds of relief found in Rule 60(b)." *Perez-Perez*, 993 F.2d at 284. An additional benefit of a Rule 59(e) motion is that it tolls the appeal deadline, while a Rule 60(b) motion does not. *Id.* at 283.

2

precedent for employees who work remotely for employers outside of the state. It would, in his view, mean that Maine citizens and the State of Maine would be unable to enforce Maine laws in Maine courts. Mot. for Recons. 1-2. I disagree. My order held only that on the facts as presented by Pushor,[3] Mt. Washington Observatory ("**the Observatory**") lacked sufficient minimal contacts to satisfy due process and Maine's long-arm statute.

Pushor does not seek to present newly discovered evidence. Although he proposes a one-sentence amendment to his Complaint,[4] it merely clarifies the hours Pushor worked, information known first and best by him. Without a manifest error of law or newly discovered evidence, the motion for reconsideration fails under Rule 59(e).

---

[3] As I expressly laid out in my May 17th order, the plaintiff bears the burden of establishing that personal jurisdiction exists over the defendant on a 12(b)(2) motion. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). "The plaintiff must go beyond the pleadings and make affirmative proof." *Boit v. Gar-Tec Prod., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992) (internal citations and quotations omitted). Pushor claims in his motion for reconsideration that he "failed to carefully set out the geography of the work in the complaint" because "he did not anticipate the Observatory's [lack of personal jurisdiction] defense because it is not applicable to the facts that the Observatory knows to be true." Mot. for Recons. 3. This statement reflects a fundamental misunderstanding of the burden of establishing personal jurisdiction. Pushor had the opportunity to present jurisdictional facts when he filed his opposition to the motion to dismiss. Or he could have requested an evidentiary hearing to develop those facts. Instead, Pushor offered a bare-bones affidavit and a handful of exhibits that failed to establish the nexus between his claim and the Observatory's contacts with Maine and failed to show that the Observatory purposefully availed itself of the privilege of conducting activities in Maine.

[4] Pushor seeks to add the sentence: "In most weeks Pushor worked approximately fifty (50) hours per week doing 'help desk' work for Defendant Mt. Washington Observatory from his home in Maine." FAC ¶ 21.

Pushor moves, as an alternative to his motion for reconsideration, to amend his Complaint under Federal Rule of Civil Procedure 15(a)(2). *See*, *supra*, n.4. Under Rule 15(a)(2), courts "should freely give leave [to amend] when justice so requires." Despite this broad discretion, requests to amend a complaint filed *after* judgment has entered, "whatever their merit, cannot be allowed unless and until the judgment is vacated." *Palmer*, 465 F.3d at 30 (citing 6 Federal Practice and Procedure, *supra*, § 1489 (2d ed. 1990)).[5] Because Pushor has not met the requirements for reconsideration under Rule 59(e), the judgment stands,[6] and amendment is unavailable.

---

[5] Even if *Palmer* did not control here, courts have discretion to deny leave to amend if there is undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; or futility of the proposed amendment. *Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47, 49 (D. Me. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). There exists fertile ground to deny Pushor's request to amend for undue delay, futility, and prejudice.
 First, as noted above, Pushor claims that his Complaint was light on jurisdictional facts because he was caught flat-footed when the Defendant moved to dismiss for want of personal jurisdiction. But Pushor had an opportunity to develop and provide sufficient jurisdictional facts, and he simply failed to do so. *See*, *supra*, n. 3. His request to amend now is untimely. *See Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) (undue delay where party knew the evidence when filing the complaint and, "when the vulnerability of his complaint became evident," he did not move promptly to amend); *Barclays Bank PLC v. 865 Centennial Ave. Assoc. Ltd. P'ship*, 26 F. Supp. 2d 712, 723 (D.N.J. 1998) (plaintiff not entitled to amend after claims dismissed where no justification for undue delay).
 Second, Pushor's proposed amendment seeking to add one additional sentence would likely not tip the determination to his favor. The additional assertion still leaves dots unconnected for purposes of establishing relatedness between the work Pushor performed and the Observatory's alleged failure to compensate. With regard to purposeful availment, I expressly noted the lack of facts (present in other cases) pertaining to the employee's recruitment, provision of an office, correspondence between the employer and the employee, or benefits running to the employer from having an employee in the forum state. *Pushor v. Mount Washington Observatory, Inc.*, No. 2:17-CV-00354 (D. Me. May 17, 2018). Rather than address these concerns, Pushor merely rehashes his previously-rejected, conclusory argument that the Observatory "purposefully availed itself" of Maine courts when it decided to allow Pushor to work in Maine. Reply 2 (ECF No. 14).
 Finally, the purpose of Rule 12(b)(2) is to protect a defendant from being haled into a foreign jurisdiction to defend a case. Allowing the Plaintiff to add jurisdictional facts at this point in the procedure would subject the Defendant to another round of briefing in a foreign jurisdiction, an outcome that is contrary to the purpose of the minimum contacts doctrine.

[6] The Plaintiff is not left without recourse. He can appeal my decision on personal jurisdiction to the First Circuit. Or he can bring his claim in New Hampshire. *See, e.g., Smith v. HSBC Bank*, 669

For the reasons stated above, the Court **DENIES** the Plaintiff's motion.

SO ORDERED.

/s/ Nancy Torresen<br>United States Chief District Judge

Dated this 19th day of July, 2018.

---

F. App'x 224, 225 (5th Cir. 2016) (dismissal of a claim for lack of personal jurisdiction is not on the merits and is without prejudice); *see also* Fed. R. Civ. P. 41(b).